CASE 64—PETITION ORDINARY—SEPTEMBER 28.

# Basset vs. Green.

APPEAL FROM BOURBON CIRCUIT COURT.

1. The owner of a horse which has been stolen from him is not divested of his title by the purchase by the Government from the thief or his vendee, and such owner may recover the horse from a vendee of the Government.

2. Possession by a United States Quarter-Master of a stolen horse, the branding and sale of him by such officer, cannot negative the superior title of the plaintiff, manifested by undisputed proof that the horse was his, and whilst his, was stolen from him.

R. T. Davis, for appellant, cited 4 *Litt.*, 328; 1 *Mon.*, 84; 7 *Dana*, 87; 5 *Dana*, 29; 4 *Call.*, 114; 11 *Bar. S. C.*, 26; 9 *Geo.*, 341.

R. H. Hanson for appellee.

Basset vs. Green.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The black mare, for the recovery of which this action of replevin was brought by the appellant against the appellee, was indisputably the appellant's property, and was stolen from his possession, and somehow, unexplained, came into the possession of a Federal Quarter-Master at Lexington, Kentucky, who, on the 3d day of June, 1865, branded and sold her as the property of the United States.

If the Quarter-Master's possession was acquired by purchase from the thief, or his alienee, the title of the purchaser was no better than that of the vendor. Even the Government could not thus divest the owner of his property without his consent or fault.

Had the Government impressed the mare for military service, and paid the thief or his transferree her value, it would have been liable to the owner for the mare or the value; but there is no proof of any such acquisition. Nor will the crisis and the branding only, on the day of sale, authorize such a presumption.

But if the Government had, in any way, acquired a good title against the appellant, the fact being susceptible of easy proof, ought to have been established by other and much stronger testimony than that of the possession, the brand, and the sale by the Quarter-Master, which could not sufficiently negative the appellant's superior title, manifested · by the undisputed proof that the mare was his, and whilst his, was stolen from him.

Yet the circuit court refused instructions to that effect, and then instructed the jury, that if they should find from the evidence that the mare had been "appropriated" to military use by the Government, and had been inspected, condemned, and branded, and sold as the property of the United States, they must find for the appellant—as they therefore did.

There was no proof of any appropriation to military use; nor was there any proof that any agent of the Government had been in the possession of the mare three days before the branding and sale. But, waiving this objection to the instruc-

tion as abstract and misleading, it was radically erroneous in the assumption that any such acts by the Government alone, without the owner's consent, knowledge, or fault, divested him of his title, or could operate otherwise than as *prima facie evidence* of title in the Government in the absence of any countervailing testimony. It was certainly not sufficient *per se* to repel the inference of still subsisting title in the appellant, necessarily arising from the uncontroverted proof that the mare was his property, and was stolen from him only a short time before the branding.

For the error in giving this instruction to the jury, and also in refusing the counter instructions asked by the appellant, the judgment overruling the motion for a new trial was erroneous.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.